UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUSEBIO AMBROCIO OLIVERA,<br>    Plaintiff | Case No. 1:12-cv-750 |
| vs | Spiegel, J.<br>Litkovitz, M.J. |
| STEVE BAUER CONSTRUCTION LLC,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, proceeding pro se, initiated this action in September 2012 against defendant Steve Bauer Construction LLC pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, for non payment of overtime wages. Plaintiff's complaint was entered upon the Court's docket on October 3, 2012. (Doc. 3). Defendant was served with a summons and a copy of the complaint on October 17, 2012. (Doc. 5). Accordingly, defendant's answer was due on or about November 7, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A). To date, defendant has failed to move, answer, or otherwise plead in response to the complaint. On April 5, 2013, the Clerk of Court entered a default as to defendant Steve Bauer Construction LLC pursuant to plaintiff's application for default. (Doc. 9).

On June 21, 2013, plaintiff was ordered to either file a motion for default judgment against defendant or show cause why this action should not be dismissed for lack of prosecution. (Doc. 10). The Court's Order also informed plaintiff that failure to comply with terms of the order shall result in a report and recommendation to the District Court

that this action be dismissed. (Doc. 10). On July 17, 2013, the Order of the Court sent via certified mail to plaintiff was returned to the Clerk of Court by the U.S. Postal Service marked "Unclaimed - Return to Sender." (Doc. 11). To date, plaintiff has failed to respond to the Court's Orders.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be DISMISSED in its entirety for want of prosecution and for failure to obey an Order of the Court.

**IT SO ORDERED.**

Date: 7/18/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUSEBIO AMBROCIO OLIVERA,      Case No. 1:12-cv-750
    Plaintiff      Beckwith, J.
    vs      Litkovitz, M.J.
STEVE BAUER CONSTRUCTION LLC,
    Defendants.

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Eusebio Ambrocio Olivera
152 W. 73 St.
Cinti, OH 45216

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____ ☑ Agent  ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*
   7011 3500 0001 5345 9190

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540