UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EUSEBIO AMBROCIO OLIVERA, | : | Case No. 1:12-cv-00750 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| STEVE BAUER CONSTRUCTION LLC, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's July 18, 2013 Report and Recommendation (doc. 12), to which there was no objection. For the reasons set forth below, the Court DISMISSES this case for want of prosecution and for failure to obey orders of the Court.

On September 28, 2012, Plaintiff filed an application to proceed in forma pauperis with regard to a civil complaint alleging a failure to pay overtime wages in compliance with the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (docs. 1 and 3). Magistrate Judge Litkovitz granted his application in an Order docketed October 3, 2013 (doc. 2). Among other things, it required Plaintiff to "inform the Court promptly of any changes in [P]laintiff's address which may occur during the pendency of this lawsuit" (id. at 2). The United States Marshal thereafter served Defendant with the Complaint, a Summons (doc. 4) and a copy of the Magistrate's Order (doc. 5).

1

Subsequently, in an Order to Show Cause docketed March 13, 2013, Magistrate Judge Litkovitz noted that, as of that date, Defendant had failed to move, answer or otherwise plead in response to the Complaint with which it was served on October 17, 2012 (see doc. 5 at 2), thus suggesting that an entry of default and a default judgment under Fed. R. Civ. P. 55 might be appropriate (doc. 6 at 1). She noted as well, however, that a dismissal for want of prosecution under Fed. R. Civ. P. 41(b) also might be appropriate inasmuch as the docket reflected no effort on Plaintiff's part to litigate his case (id.). Accordingly, the Magistrate ordered Plaintiff either to request from the Clerk an entry of default or show cause why his case should not be dismissed for want of prosecution (id. at 2). Plaintiff was served with this Order by certified mail, return receipt requested (doc. 7). He timely filed a Request for Entry of Default against Defendant (doc. 8). An Entry of Default was docketed the next day, April 5, 2013 (doc. 9).

More than two months later, in an Order to Show Cause docketed on June 21, 2013 (doc. 10), the Magistrate ordered Plaintiff either to file a motion for default judgment against Defendant or show cause why his case should not be dismissed for want of prosecution (id. at 2). In the body of her Order, she again explained the two-step process contemplated by Fed. R. Civ. P. 55, repeating the language from her previous Order

2

docketed March 13, 2013 (compare doc. 10 at 1 with doc. 6 at 1-2).  Once again, Plaintiff was served with the Magistrate's Order by certified mail, return receipt requested (doc. 11).  This Order was returned to the Clerk on July 17, 2013 by the United States Postal Service (USPS) and was marked "Return to Sender, Unclaimed, Unable to Forward" (id.).  The following day, July 18, 2013, the Magistrate issued the Report and Recommendation currently before us (doc. 12), recommending, pursuant to Fed. R. Civ. P. 41(b), that Plaintiff's case be dismissed in its entirety for want of prosecution and for failure to obey an order of the Court.  Like the two Orders to Show Cause, Plaintiff was served with this Report and Recommendation, as well as the standard notice regarding the time requirements to file objections, by certified mail, return receipt requested (id. photocopy attached).

Although no objections have been filed, this Court nonetheless has reviewed this matter de novo, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), and finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned and correct.  District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).  Moreover, Plaintiff's

failure to litigate his case and to obey orders of the Court warrants dismissal pursuant to Fed. R. Civ. P. 41(b). Jourdan v. Jabe, 951 F.2d 108, 109-110 (6th Cir. 1991). We are mindful that Plaintiff is proceeding pro se, but the special consideration required by Estelle v. Gamble, 429 U.S. 97, 106 (1976) does not attach when the dismissal contemplated occurs not "as the result of inartful pleading or any lack of legal training, but rather because [Plaintiff] failed to adhere to readily comprehended court deadlines." Jourdan, 951 F.2d at 110. And while Plaintiff Olivera may not have been "well-aware" of the contents of the Magistrate Judge's Order docketed June 21, 2013, he only has himself to blame inasmuch as he disobeyed one of the Magistrate Judge's very first orders to keep the Court informed of his current address (see doc. 2 at 2). Furthermore, Plaintiff previously was advised of the need for him to both apply to the Clerk for an entry of default, and then, once entered, move the Court for an entry of default judgment in the Magistrate Judge's Order docketed March 13, 2013 (see doc. 6). Plaintiff clearly received this Order as the USPS return receipt (doc. 7) and the filing of his Request for Entry of Default (doc. 8) confirms. Thus, Plaintiff has failed to comply with three of the Magistrate Judge's orders (docs. 2, 6 and 10).

4

For all these reasons, we accept the Magistrate Judge's recommended disposition.  The Court DISMISSES this case for want of prosecution and for failure to follow orders of the Court.

SO ORDERED.


Dated:   August 20, 2013          s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge